IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| RICHARD J. POLLAK, JR., | ) CASE NO. 02-44178-H3-7 |
| Debtor, | ) |
| RICHARD J. POLLAK, JR., | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 04-3906 |
| HOMESIDE LENDING, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Plaintiff's Motion to Extend Time for Filing of Notice of Appeal" (Docket No. 30). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion.

### Findings of Fact

Richard J. Pollak, Jr. ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 2, 2002.

Nearly two years after Debtor filed the instant Chapter 13 petition, Debtor filed the instant adversary proceeding, seeking damages against Homeside Lending, Inc., ("Homeside") under the Real Estate Settlement Procedures Act and the Texas

Debt Collection Practices Act. Debtor also objected to Homeside's proof of claim.

At trial, the court granted a partial directed verdict in favor of Homeside, on the issue of consequential damages. At the conclusion of trial, the remaining issues were taken under advisement.

On February 23, 2006, the court entered a final judgment in the instant adversary proceeding. The judgment determined the amount of the claim and the prepetition arrearage owed to Homeside, and awarded to Debtor $1,000 in damages, plus $11,119.25 in attorney fees.

Debtor testified at the hearing on the instant motion that he consulted with the attorney who represented him at trial in the instant adversary proceeding. He testified that his understanding after consultation with that attorney was that he had either 20 or 30 days from the date of entry of judgment to appeal.

Debtor testified that he consulted with a second attorney during the ten days after the date of entry of the judgment. He testified that the second attorney told him that "time was of the essence" but did not advise him as to the date on which time to appeal was to expire.

In the instant motion, Debtor seeks an extension of time to file notice of appeal. Debtor contends that he was

misinformed by counsel, and that misinformation constitutes excusable neglect.

## Conclusions of Law

Notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from. Bankruptcy Rule 8002(a).

> Bankruptcy Rule 9006(b)(1) provides in pertinent part: [W]hen an act is required or allowed to be done at or within a specified period of time...the court for cause shown may...on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankruptcy Rule 9006(b)(1).

Excusable neglect is an equitable consideration, taking account of all relevant circumstances surrounding the party's omission. These circumstances include the danger of prejudice to the debtor, the length of the delay including whether it was within the reasonable control of the debtor, and whether the movant acted in good faith. Matter of Christopher, 35 F.3d 232 (5th Cir. 1994), citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In Christopher, the Fifth Circuit held that the lower court erred in applying a standard of excusable neglect that excludes an attorney's negligence. Christopher, 35 F.3d., at 236. However, in Pioneer, the Supreme Court held that the client is held accountable for the actions and omissions of his

3

attorney.  Pioneer, 507 U.S., at 396.  The Supreme Court noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  Pioneer, 507 U.S., at 391.

In the instant case, Debtor was the prevailing party after trial.  Debtor consulted with at least two attorneys, including one who regularly practices in the bankruptcy court, before filing a notice of appeal.  The court concludes, based on the totality of the circumstances, that Debtor's failure to timely file a notice of appeal was not the result of excusable neglect.

Based on the foregoing, a separate Judgment will be entered denying the "Plaintiff's Motion to Extend Time for Filing of Notice of Appeal"

Signed at Houston, Texas April 6, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE